Eastern District of Kentucky
**FILED**

NOV 07 2005

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 04-251-KSF

DOUGLAS MACARTHUR FORBES, PLAINTIFF

V. **PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

KENNETH TUDOR, DEFENDANT

\* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

Plaintiff Douglas Macarthur Forbes (hereafter "Forbes"), a citizen of Greenfield, Indiana, filed this action *pro se*, pursuant to 28 U.S.C. § 1332, against defendant Kenneth Tudor (hereafter "Tudor"), a citizen of Richmond, Kentucky, asserting state law claims for fraud and obstruction of justice against Tudor concerning the construction of a residence on plaintiff's property known as 1417 Goggins Lane, Richmond, Madison County, Kentucky. More particularly, Forbes alleges that Tudor was employed as a subcontractor in the construction of the residence in question and that Tudor provided a false receipt in the amount of $7,500, concerning the cost of drywall installation, to a David L. Williams, whose company, DLW Properties, Inc., was building the house for Forbes. In Count I of plaintiff's complaint, he appears to allege that the fraudulent receipt of $7,500 Tudor presented to Williams resulted in a mechanic's lien being filed against his property. In Count II of plaintiff's complaint, he alleges that in 2003, he sought the filing of criminal charges for fraud against David L. Williams, that Tudor was a witness questioned in the criminal investigation, and that Tudor obstructed justice by giving false information to the authorities.

Plaintiff seeks compensatory damages of $90,000, plus punitive damages.

On March 17, 2005, defendant moved for summary judgment. [DE #25]. Plaintiff has filed no response to the foregoing motion, and the time for responding thereto has expired. Thus, this matter is ripe for review.[1]

## II. FACTUAL BACKGROUND

In July of 1999, Forbes entered into a contract with David L. Williams, d/b/a DLW Properties, Inc., for the construction of a residence at 1417 Goggins Lane, Richmond, KY. Williams employed Tudor as a subcontractor to install drywall at this residence. Tudor states that he was paid $13,550 for this drywall installation, $13,000 of which Williams paid to Tudor, with Forbes paying Tudor $550. Plaintiff claims that Williams only paid Tudor $5,500, not $13,000, for this work.

At some point during the construction of this residence, a dispute occurred between Forbes and Williams concerning the construction of this residence, resulting in DLW Properties, Inc., not completing the residence and filing suit against Forbes on July 13, 2001, in Madison Circuit Court in an action styled DLW Properties, Inc. v. Douglas M. Forbes, et al., (Civil Action No. 01-CI-730), alleging, *inter alia,* that Forbes wrongfully discharged him from this project prior to its completion, that Forbes had breached the terms of their contract by reason of his failure to pay sums due Williams under the contract and for materials Williams had purchased for this residence, at Forbes' request, and that there remained due and owing to Williams the sum of $84,051.57 for labor, materials purchased, and services rendered under the contract. To secure payment of this indebtedness of $84,051.57, Williams also filed a Mechanic's Lien against the real estate on which this residence was constructed. Subsequently, on August 2, 2001, Forbes filed a third party complaint in the Madison Circuit Court action against David L. Williams, asserting claims of breach of contract, negligence in construction, and fraud.[2]

---

[1] By Order of June 9, 2004, the presiding district judge referred this matter to the Magistrate Judge to hear and determine all matters herein, pursuant to 28 U.S.C. § 636(b)(1)(B).

[2] The status of the action filed in Madison Circuit Court is unknown to this court.

## III. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### A.  Standard for Summary Judgment

In *Menuskin v. Williams*, 145 F.3d 755 (6th Cir. 1998), the Sixth Circuit reiterated the standard to be employed when considering a motion for summary judgment, as follows:

> . . . Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying this standard, we view the evidence so that all justifiable inferences are drawn in favor of the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

*Menuskin*, 145 F.3d at 761. *See also Street v. J. C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989).

With this standard in mind, the court will proceed to defendants' motion for summary judgment.

In support of his motion for summary judgment, Tudor contends that he is entitled to summary judgment on plaintiff's fraud claim because his complaint fails to contain the necessary elements of fraud. Tudor argues that assuming for the sake of argument that he presented a falsified receipt for $7,500 to Williams, as alleged, then such material misrepresentation was relied upon by Williams, not by Forbes, since it was Williams, not Forbes, who paid Tudor based on this $7,500 receipt. Tudor also submits that he is entitled to summary judgment on plaintiff's claim for obstruction of justice because plaintiff failed to plead and prove how any statements Tudor made to an investigating law enforcement officer were relied upon by Forbes and how he (Forbes) was injured by any statements Tudor made to an investigating law enforcement officer. In short, Tudor asserts that he is entitled to summary judgment on both claims made in the complaint because plaintiff has failed to state any claim against Tudor upon which relief can be granted.

### Analysis

#### 1.  fraud claim

To establish a fraud claim under Kentucky law, a plaintiff must prove, by clear and convincing evidence, the following six elements: (a) a material representation, (b) which is false, (c)

3

known to be false or made recklessly, (d) made with inducement to be acted upon, (e) acted in reliance thereon, and (f) causing injury. *Wahba v. Don Corlett Motors, Inc.*, Ky.App. 573 S.W.2d 357, 359 (1978).

Plaintiff claims that Tudor presented a falsified receipt to Williams in the amount of $7,500, presumably for drywall installation work that Tudor did not perform at plaintiff's residence, and that Williams paid Tudor for this bogus receipt and passed the cost thereof to plaintiff. In Tudor's responses to plaintiff's Interrogatories, he explains how Williams paid him for the drywall installation work he performed at plaintiff's residence, as follows:

### INTERROGATORY NO. 6:

How much was Kenneth Tudor paid in total by David L. Williams for the job of installing drywall in the Plaintiff's house?

**ANSWER**: I was paid $5,500.00 by checks. I was paid $7,500.00 in trade for a goose neck trailer, hay (rolled hay hauled from Garrard County), and other things (chain harrow and a 7 foot mowing machine that goes on a tractor).

### INTERROGATORY NO. 7:

For all payments made to the Defendant, Kenneth Tudor, by David L. Williams for the installation of drywall in the Plaintiff's house, what was the method of payment? In the case of payment by check, please list for each check, the amount, date of deposit into your account, and the approximate date that Plaintiff [sic] received the check from David L. Williams.

**ANSWER**: (1) He paid me with 3 different checks on three different times for $5,500.00; (2) paid me with 24 ft. goose neck trailer, rolled hay that I hauled from Garrard County, a chain harrow, and a 7 foot mowing machine.

Defendant's Responses to Interrogatories - Exhibit A to defendant's Memorandum of Law in Support of Motion for Summary Judgment [DE #25].

Thus, Tudor's answers to the foregoing Interrogatories reflect that for the drywall installation work Tudor performed at plaintiff's residence, Williams paid him with a combination of cash ($5,500) and non-cash items (equipment and hay) which were valued at $7,500, for a total payment

from Williams in the amount of $13,000.[3] Consequently, Tudor is correct that if the $7,500 receipt were falsified, as plaintiff alleges, this material representation was relied upon by *Williams*, not by the plaintiff, and that if any fraud were perpetrated in relation to this $7,500 receipt, it was perpetrated on Williams, not plaintiff. Therefore, plaintiff's fraud claim against Tudor is fatally flawed in that he has not established that he *acted in reliance* upon any material representation made by Tudor to him. Williams may have represented to plaintiff that the total cost of Tudor's subcontracted drywall installation work at plaintiff's residence was $13,000, but there is no evidence that plaintiff acted in reliance thereon, one of the requisite elements of a fraud claim, by reimbursing Williams for this $7,500 receipt, since apparently did not reimburse Williams for this $7,500 payment Williams made to Tudor.[4] Plaintiff takes no issue with Williams' payment of $5,500 to Tudor.

In Kentucky, the *intent to deceive* is a necessary element of an actionable fraud claim. *Smith v. Barton*, Ky., 266 S.W.2d 317, 318 (1954). Plaintiff fails to assert or explain how Tudor's false statement or bogus receipt was intended to deceive him. Assuming *arguendo* that the subject $7,500 receipt that Tudor presented to Williams is bogus, then Tudor successfully deceived Williams, not the plaintiff.

Additionally, "injury" is another necessary element of an actionable fraud claim. *Wahba v. Don Corlett Motors, Inc., supra.* Plaintiff fails to state how he was injured by Tudor's alleged fraudulent actions. Due to the fact that plaintiff did not make any payment to Williams to reimburse

---

[3] In his complaint, plaintiff states that he also paid Tudor $550 for his services rendered. Assuming the truthfulness of this statement, Tudor received a total of $13,550 for his drywall work at plaintiff's residence.

[4] In fact, Tudor states in his motion for summary judgment: "The Plaintiff has never acted in reliance upon any material representation *because he has never paid Mr. Tudor or Mr. Williams for their performance.*" See Defendant's Memorandum of Law in Support of Motion for Summary Judgment, p. 5 - [DE #25].

5

Williams for this $7,500 receipt Tudor presented to Williams, plaintiff cannot establish that he was injured by this alleged fraudulent conduct by Tudor.[5]

Consequently, for all of the foregoing reasons, the Magistrate Judge concludes that plaintiff has failed to establish an actionable fraud claim against Tudor and that Tudor is entitled to summary judgment on Count I of the complaint.

2.  **obstruction of justice claim**

In Count II of the complaint, plaintiff also asserts a claim of obstruction of justice against Tudor, which states, as follows:

> **Claim II:** In 2003, the plaintiff brought the matter to the sheriff's department of Madison County, Kentucky seeking criminal charges of fraud against David L. Williams and citing the defendant, Kenneth Tudor, as a witness. In an interview with detective Nelson O'Donnell, the defendant, Kenneth Tudor, changed his story and falsely claimed that he was paid a total of $13,550 for the installation of drywall in the plaintiff's house.

Complaint, unnumbered page 2 - DE #1.

It is unclear from plaintiff's complaint herein whether, as the result of plaintiff's allegations of fraud against David Williams, a criminal complaint was filed against David Williams that was subsequently dismissed, or whether there was simply an investigation by the Madison County prosecuting authorities which did not result in any criminal charges being filed against David Williams. Whatever the case may be, there is no evidence of record that David Williams was convicted of fraud in any court in Madison County relative to the $7,500 receipt that is the subject of this action.

In the present action, plaintiff claims that Tudor made statements to the Madison County prosecuting authorities who were investigating the fraud claim against David Williams that were in

---

[5] However, plaintiff does allege in his complaint that Tudor told him that Williams owed him an additional $550 for this drywall installation work and that he (plaintiff) paid Tudor the outstanding balance of $550. Nevertheless, by plaintiff's own assertions, the only statements made by Tudor on which plaintiff relied concerned plaintiff's $550 payment to Tudor. There are no allegations in the complaint that Tudor was not entitled to this $550 payment or that Tudor's statement to him that Williams owed him an additional $550 was a material misrepresentation or caused plaintiff any injury.

6

conflict with (1) a prior statement Tudor had made to plaintiff concerning the amounts David Williams owed him for drywall installation work, and (2) a handwritten record Tudor provided to plaintiff. Plaintiff alleges that the statements Tudor made to the Madison County authorities were false and that Tudor committed fraud and obstructed justice by making these false statements.

Tudor maintains that he was entitled to $13,550 for his drywall installation work performed in the construction of plaintiff's residence and that he was paid this amount for his services rendered. To reiterate, Tudor received a total of $13,000 from Williams (in a combination payment of cash and non-cash items), and Tudor received $550 from plaintiff.

The Kentucky Penal Code contains numerous charges relating to the obstruction of justice; thus, the charge of obstruction of justice is a criminal offense in Kentucky that is initiated and processed by state governmental prosecuting authorities. There is no evidence of record that Williams or Tudor has ever been charged with or convicted of fraud or obstruction of justice in any court in Madison County, Kentucky, relative to this matter, and there is also no evidence of record that Tudor has ever been charged with or convicted of perjury in any court in Madison County, Kentucky, relative to this matter.

Consequently, for all of the foregoing reasons, the Magistrate Judge concludes that plaintiff has failed to establish an actionable obstruction of justice claim against Tudor and that Tudor is entitled to summary judgment on Count II of the complaint because the claim of obstruction of justice asserted herein fails to state a claim for which relief can be granted in this court.

## IV. CONCLUSION

For all of the reasons stated above, based on the factual background of this case and the applicable case law, the Magistrate Judge concludes that defendant is entitled to summary judgment on both Count I and Count II of plaintiff's complaint in that both counts thereof fail to state a claim against defendant on which relief can be granted as a matter of law.

Accordingly, **IT IS RECOMMENDED** that defendant's motion for summary judgment [DE #25] be **GRANTED** and that this action be **DISMISSED** and **STRICKEN** from the docket.

The Clerk of the Court shall forward a copy of this Proposed Findings of Fact and Recommendation to the respective parties who shall, within ten (10) days of receipt thereof, serve and file timely written objections to the Magistrate Judge's Proposed Findings of Fact and Recommendation with the District Court or else waive the right to raise the objections in the Court of Appeals. 28 U.S.C. section 636(b)(1)(B); Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), affirmed, 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55 (6th Cir. 1986). A party may file a response to another party's objections within ten (10) days after being served with a copy thereof. Fed.R.Civ.P. 72(b).

This __7th__ day of November, 2005.

_____
JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE