Eastern District of Kentucky
FILED

FEB 0 1 2006

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 04-251-KSF

DOUGLAS MACARTHUR FORBES                                                PLAINTIFF

V.                          **OPINION & ORDER**

KENNETH TUDOR                                                            DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the proposed findings of fact and recommendation of United States Magistrate Judge James B. Todd [DE #26]. The *pro se* plaintiff herein originally filed this diversity action in Indiana, which transferred the action to this Court. Pursuant to 28 U.S.C. § 636, the Court referred the matter to the Hon. James B. Todd, Magistrate Judge, for all pretrial proceedings.

The plaintiff brings purported state law claims of fraud and obstruction of justice against the defendant, a drywall subcontractor on the construction of a home for the plaintiff in Richmond, Kentucky. Regarding the fraud claim, the plaintiff claims that the defendant provided a false receipt for $7,500 to the contractor on the plaintiff's home, David L. Williams ("Williams") and DLW Properties, Inc., who then passed along the cost to the plaintiff. The obstruction charge relates to purportedly false information the defendant provided to authorities when the plaintiff filed a criminal complaint for fraud against Williams. The plaintiff seeks $90,000 in compensatory damages, plus punitive damages.

After conducting discovery, the defendant filed a motion for summary judgment, to which

the plaintiff did not respond. The Magistrate Judge filed his proposed findings of fact and recommendation on November 7, 2005, wherein he recommends that the Court grant the defendant's motion and enter judgment in his favor. Specifically, the Magistrate Judge concludes that the plaintiff's fraud claim fails (1) because any alleged fraudulent misrepresentations by the defendant were made to and relied on by *Williams* and not the plaintiff; and (2) because the plaintiff cannot prove that he suffered an injury as a result of the fraudulent misrepresentation, due to the fact that he did not make any payment to Williams to reimburse Williams for the false receipt. As for the obstruction claim, the Magistrate Judge concludes that this claim is also without merit, as there is no evidence that Williams or Tudor were ever convicted of fraud relative to the $7,500 receipt at issue herein, and state prosecutors are the only ones vested with the authority to bring these criminal charges.

Neither party filed objections to the Magistrate Judge's proposed findings of fact and recommendation. Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's proposed findings of fact and recommendation to which objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." Thomas v. Arn, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections with the Court to a Magistrate Judge's proposed findings of fact and recommendation waives the right to appeal. See Wright v. Holbrook, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Nevertheless, the Court, having examined the record and having made a *de novo* determination, is in agreement with the Magistrate Judge's proposed findings of fact and recommendation.

Accordingly, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that

(1) the Magistrate Judge's proposed findings of fact and recommendation [DE #26] is ADOPTED as and for the opinion of the Court;

(2) the defendant's motion for summary judgment [DE #25] is GRANTED;

(3) the plaintiff's claims are DISMISSED WITH PREJUDICE and the plaintiff shall take nothing thereby; and

(4) judgment will be entered contemporaneously with this opinion and order in favor of the defendant.

This 1st day of February, 2006.

KARL S. FORESTER, SENIOR JUDGE